THE STATE v. KABRICH.

**Criminal law; EVIDENCE.** The character of one charged with an
offense is not in issue unless he himself introduces evidence relating
thereto. The failure to call witnesses to prove his general good charac-
ter raises no presumption against it.

*Appeal from Wayne District Court.*

THURSDAY, SEPTEMBER 24.

THE defendant was indicted, tried and convicted for larceny,
from which conviction he appeals to this court. The facts of
the case bearing on the points ruled appear in the opinion.

*Tedford & Miles*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

MILLER, CH. J.—On the trial of the cause the appellant
offered no evidence of good character. The court thereupon
charged the jury as follows: " Defendant is presumed to be
innocent until he is proven guilty. Defendant had the legal
right to introduce testimony in support of his character, and
the fact that he failed to do so is a circumstance that you may
consider, with all the other testimony in the case, in determin-
ing the question of guilt."

Appellant excepted to the giving of this instruction, and
assigns the same as error.

The law is now well settled that a party charged with the
commission of a public offense may give evidence of his good
character. But his character is not in issue, nor can the pros-
ecution offer evidence of the general bad character of the
accused until the defendant has offered evidence of his good
character. 3 Greenlf. on Ev. §§ 25, 26 and cases cited in notes;
2 Russell on crimes, 785; *Commonwealth v. Hardy*, 2 Mass.,
317; *Same v. Webster*, 5 Cush., 325.

In the *People v. Bodine*, 1 Denio, 281, an instruction sub-
stantially the same as the one given in this case, although of

much greater length, was held to be erroneous because its effect was to instruct the jury that, as the accused alone could offer evidence of his good character, his failure to do so afforded an inference that it was bad, and it was further held that, when no evidence of good character is given, the law assumes that it is of ordinary fairness and respectability, and that the jury in such case should determine the guilt or innocence of the accused upon the evidence before them and wholly irrespective of the question of character. This case, in effect, overrules the *People v. Vane.* 12 Wend., 78, which seemed to hold a different doctrine. In the *State v. O'Neal*, 7 Iredell, 251, it was held that the character of the accused cannot be put in issue unless he opens the door by giving evidence thereof, and that, if he chooses not to offer any evidence on the subject, no deduction results therefrom unfavorable to his character. In that case the defendant offered no evidence of his good character, and it was insisted by the prosecution that this fact was proper for the consideration of the jury, but the trial court refused to so charge and its ruling was affirmed.

In the *State v. McCallister*, 24 Maine, 139, it was held that the omission of the accused to furnish evidence of his previous good character, may be called to the consideration of the jury in support of the prosecution. We find no other case, (except the overruled one of the *People v. Vane, supra*), which holds this doctrine. In our opinion the cases of the *People v. Bodine* and the *State v. O'Neal, supra*, are more in accord with principle than this case. It is the settled doctrine of the cases that whenever the defendant, charged with a public offense, chooses to call witnesses to prove his general character to be good, the prosecution may offer testimony to disprove it, but that it is not competent for the prosecution to go into this inquiry, until the defendant has voluntarily put his character in issue. 2 Russell on Crimes, 703, 2d ed.; 1 Phill. Ev., 177, 7 Lond. ed.; *Commonwealth v. Hardy*, 2 Mass., 302; 3 Grnlf. Ev., § 25, and cases cited in notes. Since, therefore, the character of the accused is not in issue unless he shall put it in issue by offering evidence in support of it, and since the prosecution cannot go into an inquiry, *by the evidence of wit-*

*nesses*, as to the general character of the accused unless he opens the door, it follows logically, that the prosecution cannot convert a failure of the defendant to give evidence of his good character, into evidence of bad character, thus doing indirectly what could not be done directly, converting the entire absence of evidence on the subject into evidence of bad character, and raising a presumption against the accused on a question which was not in issue. This is in conflict with the settled principle that the character of the defendant is not in issue unless he shall put it in issue by giving evidence of his previous good character. The instruction was, therefore, erroneous, and the error was intensified in that the court repeated the instruction in substance at the request of the District Attorney.

For this error the judgment must be

REVERSED.