### THE STATE v. DOCKSTADER.

1. **Criminal Law**: GOOD CHARACTER: EVIDENCE. The failure of one upon trial for a criminal offense to call witnesses to establish his general good character, raises no presumption against it.

*Appeal from Mitchell District Court.*

WEDNESDAY, MARCH 22.

THE defendant was indicted for the crime of receiving and aiding in concealing stolen goods. The court among other instructions gave the following: "Where evidence is produced by the State against a defendant indicted for crime, of facts which, if true, affect or cast a shadow on his character for honesty, the defendant has a right to produce evidence to show that his general character among his neighbors and acquaintances is good, as tending to explain what may appear dark against him. If he does not choose to do so, the jury must consider the case with the shadow which is thus cast on his character. In cases where the evidence of guilt is circumstantial only, evidence of previous good character of the accused is valuable to his defense, and a failure on his part to produce it when it is clearly in his power, if his character is in fact good, is a circumstance proper for the jury to consider with the other evidence of the case." To this instruction the defendant excepted. The defendant, having been found guilty and sentenced, appeals.

*D. W. Poindexter* and *L. M. Ryce*, for appellant.

*M. E. Cutts*, for appellee.

ADAMS, J.—Where a person is charged with a crime, the failure to call witnesses to prove his general good character raises no presumption against it. *State v. Kabrick*, 39 Iowa, 277; *State v. Oilkill*, 7 Iredell, 251; *People v. Bodin*, 1 Dana, 282; *People v. White*, 24 Wendell, 520.

REVERSED.